1  Paul Caleo, State Bar No. 153925
   Katrina Acosta Romero, State Bar No. 289461
2  Omar Parra, State Bar No. 303041
   BURNHAM BROWN
3  A Professional Law Corporation
   P.O. Box 119
4  Oakland, California 94604
   ---
5  1901 Harrison Street, 14th Floor
   Oakland, California  94612
6  Telephone:     (510) 444-6800
   Facsimile:     (510) 835-6666
7  Email: pcaleo@burnhambrown.com
           kromero@burnhambrown.com
8          oparra@burnhambrown.com

9  Attorneys for Defendant
   STARBUCKS CORPORATION
10

11              UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13            SAN FRANCISCO/OAKLAND DIVISION

14

15 YOSHA ELLIS,                          No.

16          Plaintiff,                   [Sonoma County Superior Court
                                         Case No.: SCV-257234]
17 v.
                                         **DEFENDANT STARBUCKS
18 STARBUCKS CORPORATION,                CORPORATION'S NOTICE OF
                                         REMOVAL OF ACTION UNDER 28
          Defendants.                    U.S.C. SECTION 1441(b) (DIVERSITY)**
19

20                                       **Complaint Filed:  May 29, 2015**

21

22      **TO THE CLERK OF THE NORTHERN DISTRICT:**

23      **PLEASE TAKE NOTICE** that Defendant STARBUCKS CORPORATION

24 ("Starbucks"), by and through its counsel, hereby removes the above-captioned action from the

25 Superior Court of the State of California, in and for the County of Sonoma, to the United States

26 District Court for the Northern District of California, for the reasons described below.

27 ///

28 ///

## PLAINTIFF'S COMPLAINT

1.      Plaintiff YOSHA ELLIS ("Plaintiff") filed an action in the Superior Court of California, County of Sonoma, entitled Yosha Ellis v. Starbucks Corporation, case number SCV-257234 on May 29, 2015.  A true and correct copy of Plaintiff's Complaint filed in the Superior Court of California, County of Sonoma, is attached as **Exhibit 1**.

2.      Plaintiff served his Complaint on Starbucks via Notice and Acknowledgment of Receipt pursuant to California Code of Civil Procedure section 415.30.

3.      Starbucks signed and returned the Notice and Acknowledgment of Receipt on June 25, 2015.  A true and correct of the signed Notice and Acknowledgment of Receipt is attached as **Exhibit 2**.

4.      Plaintiff's Complaint alleges a cause of action for defamation per se against Starbucks.  See Exhibit 1, Plaintiff's Complaint at page 12.

5.      Specifically, Plaintiff alleges "Starbucks District Supervisor Jennifer Kruger" told third parties that "[Plaintiff] made sexual advances on a 17 year old and the Father called the Police."  See Exhibit 1, Plaintiff's Complaint at page 1.

## GROUNDS FOR REMOVAL

6.      Plaintiff and Starbucks are the only parties to this action.

7.      Plaintiff alleges he is a California resident.  See Exhibit 1, Plaintiff's Complaint at page 2.

8.      Both at the time that this action was commenced and now, Starbucks is incorporated in Washington and has its principal places of business in Washington.  Pursuant to Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1094 (9th Cir. 1990), if one state does not contain a substantial predominance of corporate operations, courts are to apply the "nerve center" test to determine a corporation's principal place of business.  Tosco Corp. v. Communities for a Better Environment, 236 F.3d 495, 500 (9th Cir. 2001).  The corporation's principal place of business is then determined by identifying the state "where the majority of the corporation's executives and administrative functions are performed."  Id.  This test is particularly appropriate where a corporation's activities are widespread and its operations are

DEFENDANT STARBUCKS CORPORATION'S NOTICE OF REMOVAL OF      No.
ACTION UNDER 28 U.S.C. SECTION 1441(b) (DIVERSITY)

1   conducted in many states. <u>Indus. Tectonics, Inc.</u>, 912 F.2d at 1094; <u>see</u> <u>also</u> <u>Lurie Co. v. Loew's</u>

2   <u>San Francisco Hotel Corp.</u>, 315 F.Supp. 405, 412 (N.D. Cal. 1970).

3          Here, Starbucks' employees, sales, production activities, tangible properties, income,

4   purchases, etc. are spread across multiple states and multiple counties and no one state

5   substantially predominates.   Starbucks corporate offices are located in Seattle, Washington,

6   where approximately four thousand (4,000) of its corporate employees work.  This is the largest

7   single group of employees in one location.  The majority of Starbucks executive and

8   administrative functions occur in Washington, and Starbucks CEO, CFO, General Counsel, and

9   other senior management are located in Seattle, Washington, as well as Starbucks finance,

10  accounting, purchasing, treasury, marketing, training, human resources, information systems,

11  internal audit, and legal departments.  Starbucks, therefore, is a citizen of Washington.

12         9.     Plaintiff's seeks $425,000 in damages, and "any punitive damages as the court

13  sees fit."  <u>See</u> Exhibit 1, Plaintiff's Complaint at page 13.

14         10.    Consequently, because Plaintiff and Starbucks are citizens of different states, and

15  because the amount in controversy exceeds $75,000, this matter is removable pursuant to 28

16  U.S.C. sections 1332, 1141(b), and 1446(b).

17                                **JURISDICTION**

18         11.    This action is a civil action for which this Court has original jurisdiction under 28

19  U.S.C. section 1332, and is one that may be removed to this Court by Defendants pursuant to the

20  provisions of 28 U.S.C. section 1441(b), in that it is a civil action between citizens of different

21  states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and

22  costs.

23                          **INTRADISTRICT ASSIGNMENT**

24         12.    Plaintiff's Complaint was filed in Sonoma County.  Pursuant to Northern District

25  Local Rules 3-2(c), 3-2(d), and 3-5(b), all civil actions that arise in the Sonoma County shall be

26  assigned to the San Francisco or Oakland Division.

27                   **NOTICE TO PLAINTIFF AND STATE COURT**

28         13.    Immediately following the filing of this Notice of Removal of Action, written

DEFENDANT STARBUCKS CORPORATION'S NOTICE OF REMOVAL OF          No.
ACTION UNDER 28 U.S.C. SECTION 1441(b) (DIVERSITY)

1  notice of this filing will be served on Plaintiff and will be filed with the Clerk of the Superior

2  Court for the County of Sonoma, in accordance with 28 U.S.C. § 1446(d).

3                                        **EXHIBITS**

4        14.    Attached as **Exhibit 1** is a true and correct copy of Plaintiff's Complaint filed in

5  the Superior Court of California, County of Sonoma.

6        15.    Attached as **Exhibit 2** is a true and correct copy of the Notice and

7  Acknowledgment of Receipt signed by Starbucks on June 25, 2015.

8        16.    Attached as **Exhibit 3** is a true and correct copy of the Notice to Adverse Parties

9  of Notice of Removal being filed contemporaneously in the Superior Court of California,

10 County of Sonoma, case number SCV-257234.

11                                **DEMAND FOR JURY TRIAL**

12       17.    Defendants Starbucks Corporation demands a jury trial of twelve jurors pursuant

13 to Federal Rules of Civil Procedure, Rule 38.

14                                        **PRAYER**

15       Defendant prays that the above-entitled action, currently pending in the Superior Court of

16 the State of California, County of Sonoma, be removed to the United States District Court for

17 the Northern District of California, and that this action proceed in this Court as an action

18 properly removed pursuant to 28 U.S.C. section 1441, <u>et seq.</u>

19

20 DATED:  July 27, 2015                    BURNHAM BROWN

21

22                                          _____
                                            PAUL CALEO
23                                          Attorneys for Defendant
                                            STARBUCKS CORPORATION
24

25

26 4851-4682-8838, v. 1

27

28

                                            4
DEFENDANT STARBUCKS CORPORATION'S NOTICE OF REMOVAL OF          No.
ACTION UNDER 28 U.S.C. SECTION 1441(b) (DIVERSITY)

# EXHIBIT 1

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** STARBUCKS CORPORATION
*(AVISO AL DEMANDADO):*

**YOU ARE BEING SUED BY PLAINTIFF:** Yosha Ellis
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**FILED**

MAY 29 2015

Clerk of the Superior Court of California
County of Sonoma
By _____
Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | Superior Court of California<br>County of Sonoma<br>600 Administration Drive<br>Santa Rosa, CA 95403 | CASE NUMBER:<br>*(Número del Caso):*<br>Sc0· 257234 |
|---|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Yosha Ellis   707 5962486
DATE: General Delivery MAY 29 2015   Clerk, by _____   JOSE O. GUILLEN   Lupe Beas   , Deputy
*(Fecha)* Petaluma, CA 94952   *(Secretario)*   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use   SUMMONS

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA<br>CIVIL DIVISION<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878<br>(707) 521-6500<br>www.sonoma.courts.ca.gov | (FOR COURT USE ONLY)<br><br>**ENDORSED<br>FILED**<br><br>MAY 2 9 2015<br><br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SONOMA |
|---|---|
| NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES,<br>NOTICE OF CASE MANAGEMENT CONFERENCE,<br>and ORDER TO SHOW CAUSE | Case number:<br><br>SCV- 257.234 |

## A COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT AND WITH ANY CROSS-COMPLAINT

1. **THIS ACTION IS ASSIGNED TO HON.** _____GARY NADLER_____ **FOR ALL PURPOSES.**
   Pursuant to California Rules of Court, Rule 2.111(7), the assigned judge's name must appear below the number of the case and the nature of the paper on the first page of each paper presented for filing.

2. EACH DEFENDANT MUST FILE A WRITTEN RESPONSE TO THE COMPLAINT AS REQUIRED BY THE SUMMONS.
   A Case Management Conference has been set at the time and place indicated below:

| Date: | Time: | Courtroom: |
|---|---|---|
| Location: **SEP 2 4 2015** 3035 CLEVELAND AVE STE 200 SANTA ROSA, CA 95403 | 3:00 p m. | 17 |

3. No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement [Judicial Council form #CM-110] and serve it on all other parties in the case. In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.

4. At the conference, counsel for each party and each self-represented party must appear personally or by telephone [California Rules of Court, Rule 3.670(c)(2)]; must be familiar with the case; and must be prepared to discuss and commit to the party's position on the issues listed in California Rules of Court, Rule 3.727.

5. Pre-approved dispositions are recorded three (3) court days prior to the case management conference. These may be obtained by calling (707) 521-6883 or by going to http://sonoma.courts.ca.gov/online-services/tentative-rulings.

## ORDER TO SHOW CAUSE

To Plaintiff(s), Cross-complainants, and/or their attorneys of record:
If, on the date shown above, you are not in compliance with the requirements stated in the California Rules of Court, rules 2.30, 3.110, and/or 3.720 through 3.771 inclusive, you must then and there show cause why this court should not impose monetary and/or terminating sanctions in this matter.

Pursuant to California Rule of Court, rule 3.221(b), information and forms related to Alternative Dispute Resolution are available on the Court's website at http://sonoma.courts.ca.gov/self-help/adr.

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SONOMA

**ENDORSED
FILED**

Yosha Ellis
General Delivery
Petaluma, CA 94952
707-596-2486

MAY 2 9 2015

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

<u>IN PRO PER</u>

Case No. SCV- 257234

_____

YOSHA ELLIS,

<u>COMPLAINT</u>

                    Plaintiff,

<u>JURY TRIAL DEMANDED</u>

          v.

STARBUCKS CORPORATION,

                    Defendant,

_____

1. Plaintiff is informed and believes, and based upon that information and belief
   alleges, that at all times mentioned in this complaint, defendants were the
   agents and employees of their codefendants and in doing the things alleged in
   this complaint were acting within the course and scope of such agency and
   employment.

<u>NATURE OF THE ACTION</u>

2. This is an action for damages arising from a false and defamatory statement
made by Starbucks District Supervisor Jennifer Kruger saying,

      "You [Yosha Ellis] made sexual advances on a 17 year old and the Father
called the Police."

      This statement was than broadcast to a third party, Starbucks store manager
Isabel (last name unknown); and through a process of COMPELLED SELF
PUBLICATION the Plaintiff was than forced to spread the defamation to other parties.

Starbucks Case # 1471 0741 @ 6/4/2015

1.

The Parties

3.    Yosha Ellis is a private person, artist and Artistic Director for Foglights Theater

Company (e.i.n. 45-4104503) who resides in Petaluma California. He has been working

to found Foglights Theater Company in Petaluma since March of 2012.


4.    Starbucks Corporation is a Seattle based coffee chain with several locations in

Petaluma California. Petaluma is located within the bounds of Sonoma County.


Jurisdiction and Venue


5.    This Court has personal jurisdiction over this matter because said location of the

incident was 125 Petaluma Blvd., Petaluma California. Petaluma is located within the

bounds of Sonoma County.


6.    This Court has subject matter jurisdiction because the sum being sued for is in

excess of $25,000.00.


7.    Venue is proper in this county in accordance with section 395(a) of the California

Code of Civil Procedure because the defendants do business in Sonoma County.

Introduction

8. In the time that Plaintiff Yosha Ellis, from here forward, known as Plaintiff, has been single, he has asked over 100 women out. On a few occasions the Plaintiff approached a young lady, whom by her appearance, seemed to be of age (18 or older), and asked her out. In these instances when the young lady than informed the Plaintiff that she was not yet 18, the Plaintiff always obeyed the law, walked away and ceased to pursue the woman further.

The Incident of June 29, 2013

9. On June 29, 2013 at roughly 9 a.m. the Plaintiff was seated inside Starbucks at 125 Petaluma Blvd., 94952 with a friend and the friend got up to go to the bathroom. The Plaintiff than stepped out onto the sidewalk to have a cigarette and was approached by a man and woman in bicycle gear. The woman spoke to the Plaintiff, saying, "My daughter is 17, leave her alone!" The Plaintiff than responded that it was inappropriate for her to speak to him that way; because there seemed to be insinuations of something illegal (he always obeyed the law in that regard), and if she spoke to him that way in public again, embarrassing him, than he would have to call the Police. The man accompanying the woman than became enraged and began screaming and cussing at the Plaintiff so that the Plaintiff had to run to Petaluma Market (he didn't have a cell phone) and ask to use the phone. He needed to call 911. After waiting over a half hour for the Police to arrive, Officer John Antonio drove into Petaluma Market parking lot and got out of his car. Apparently (and according to a conversation with Lieutenant Tim Lyons of PPD sometime later) Officer McGowan contacted Starbucks and spoke with them about the

3.

incident (Exhibit A) before Officer John Antonio got to the Plaintiff and informed him

that he was BANNED FROM STARBUCKS. The Plaintiff was greatly disturbed by the

unfairness of this decision and so he argued with J. Antonio that he had OBEYED THE

LAW in regards to the young lady (identity unknown). Officer Antonio than refused to

aid the Plaintiff in getting his wallet and things safely out of Starbucks and told him that

he'd have to contact Starbucks himself and make arrangements to get his belongings. The

Plaintiff than returned to 125 Petaluma Blvd. Starbucks to attempt to get his wallet and

things and found Store Manager Brittany (last name unknown) washing windows outside.

He explained to her everything about the encounter with the parents, including the

enraged and screaming man, having to call the Police; HAVING OBEYED THE LAW in

regards to the encounter with the woman's daughter and the encounter with Officer John

Antonio. He than stated that he would go to PPD to file a complaint against Officer

Antonio for essentially refusing to help him and seeming to insinuate by his actions that

the Plaintiff had done something wrong.


10.      According to an email from Lieutenant Tim Lyons (Exhibit B), sent to the

Plaintiff on April 9th 2015; after having spoken with Officer McGowan about his

conversation with Starbucks Management on June 29th 2013, Lt. Lyons states that, (paraphrased) 5/20/16

OFFICER MCGOWAN IN NO WAY RECOMMENDED A COURSE OF ACTION

FOR STARBUCKS TO TAKE IN REGARDS TO THE PLAINTIFF. RATHER THAT

HE MERELY RESPONDED TO INFORMATION GIVEN HIM BY STARBUCKS

AND THAN RELAYED THAT MESSAGE TO J. ANTONIO WHO INFORMED THE

PLAINTIFF THAT HE WAS BANNED.

Exhibit "A" - P.P.r Call Report

| Event | Call ID: *131800042* | | | Printed: January 20, 2015 |
|---|---|---|---|---|

| 1. Agency<br><br>PEP | 2. Received by:<br><br>Thomsen, Tina | 3. Date/Time Received<br>06/29/2013    09:23<br>4. Time Dispatched<br>09:59 | 5. Time Arrived<br>10:08<br>6. Time Complete<br>10:20 | 7. Case # |
|---|---|---|---|---|
| **8. Nature Of Incident** | MEET CITIZEN | | | |
| **9. Location Of Incident** | 125 PETALUMA BL N, PETALUMA, CA | | | |
| **10. Victim or Caller** | YOSHA ELLIS | | | |

| 11. Classification | 12. How Received<br>ANI/ALI  I/CAD | 13. Disposition<br>LOG ENTRY | 14. Officer<br>Antonio, John | 15. Date Submitted<br>06/29/2013 |
|---|---|---|---|---|

Notes: YOSHA ADV HE HAS ASKED OVER 60 GIRLS FOR THEIR PHONE NUMBERS BECAUSE HE WAS LOOKING FOR A GF HE ACCIDENTALLY ASKED A 17 YR FOR HER PHONE NUMBER NOT KNOWING SHE WAS THAT YOUNG RP WAS IN STARBUCKS TODAY ** LOI search completed at 06/29/13 09:23:19 AND THE PARENT AND HER PARTNER BECAME EXTREMELY 415 VERB W/HER THEY ARE NOW IN THE STARBUCKS DOWNTOWN DRESSED IN BICYCLE RIDING GEAR W/BICYCLES OUTSIDE RP IS CONCERNED BECAUSE HE LEFT HIS BELONGINGS INSIDE STARBUCKS AND IS AFRAID TO GO BACK AND GET THEM W/OUT AN OFFICER GOING W/HIM RP WILL WAIT INSIDE PET MARKET FOR CONTACT YOSHA WEARING PLAID SHIRT TAN JEANS BLK SHOES ** PER search completed at 06/29/13 09:31:03 ** PER search completed at 06/29/13 09:31:08 ** Event Location changed from "210 WESTERN AV PE: @PETALUMA MARKET" to "125 PETALUMA BL N PE: @RP AT PETALUMA MARKET" at: 06/29/13 09:31:34 ** >>>> by: TINA THOMSEN on terminal: ped2 ** LOI search completed at 06/29/13 09:31:34 ** PER search completed at 06/29/13 09:31:49 RP VALID/CLR/ILEADS HX FOR 5150 CLR 1JS, 27 CONTACTED STARBUCKS AND ADVISE SUBJECT IS NOT ALLOWED IN BUSINESS.

5/21/2015                                           Starbucks - ellisircle@gmail.com - Gmail



*Exhibit "B"*

TLYONS@ci.petaluma.ca.us

**Gmail**

**Click here to enable** desktop notifications for Gmail.  **Learn mor**

Move to Inbox

COMPOSE

## Starbucks     Inbox   x

**Inbox (1,456)**

Hangouts gives you new
ways to keep in touch.
Get started

 Yosha

**Lyons, Tim** <TLYONS@ci.petaluma.ca.us>                     Apr 9

to me

Mr. Ellis,

I spoke to Officer McGowan about the call on June 29 , 2013. He said he did n
respond to Starbucks. He said he spoke to the manager over the telephone. H
then relayed the information to Officer Antonio, who contacted you. It is pretty
to me that the officers involved were just acting upon the information supplied to
them by Starbucks, which I gave to you in your Public Records Act Request. I
hope this is sufficient for your needs. I appreciate you not phoning and emailin
everyone about this issue.   Thanks Tim

Lieutenant Tim Lyons
Police Administrative Service
Petaluma Police Department
969 Petaluma Blvd North<x-apple-data-detectors://4/0>
Petaluma, CA 94952<x-apple-data-detectors://4/0>
Office (707) 776-3718<tel:(707)%20776-3718>
FAX (707) 778-4476<tel:(707)%20778-4476>
tlyons@ci.petaluma.ca.us<mailto:tlyons@ci.petaluma.ca.us>

No Hangouts Contacts
Find someone

Sent from my iPhone

 Click here to Reply or Forward

**1.53 GB (10%) of 15 GB used**                Terms - Privacy

https://mail.google.com/mail/u/0/#search/TLYONS%40ci.petaluma.ca.us/14ca02fa35fb4da5                    1/1

The Plaintiff than proceeded to retrieve his belongings from inside the café and than ask his friend to please drive him to PPD where he would file a complaint. At PPD the Plaintiff was able to file a complaint against Officer John Antonio with Captain Ron Klein. Officer Klein, after hearing of the Plaintiff's story offered to contact Starbucks and explain what had happened, but the Plaintiff thought best that he should contact District Supervisor Jennifer Kruger himself via telephone and explain the whole thing.

### The Conversation with District Supervisor Jen Kruger

11.    The Plaintiff than walked to a Starbucks located at 205 North McDowell and asked the Store Manager (name unknown) if he could please borrow the phone to place a call to District Manager, Jennifer Kruger, in regards to an unfortunate incident that had occurred across town at 125 Petaluma Blvd. Starbucks. He gave the Plaintiff the phone and he placed a call to Ms. Kruger. She answered and the Plaintiff than told her that he had just been banned from 125 Petaluma Blvd. Starbucks, that the decision did not make sense. He than proceeded to tell her about the parents confronting him outside Starbucks; how if he had indeed ever asked their daughter out, and that she turned out to be under age; that he had only ever done the right thing; OBEYED THE LAW; turned and walked away just as soon as she told him that she was underage. He than informed Ms. Kruger that HE HAD CALLED THE POLICE, and that based upon the way that the Officer mistreated him, that he had just finished filing a complaint at PPD with Officer Ron Klein.

12. Ms. Kruger than informed the Plaintiff that it had been HER decision to ban the

Plaintiff from the location, and said that there had been too many problems, although she

did not indicate precisely what. She may have been indicating 2 possible things:

An incident one evening when Shift Supervisor Jeremy (last name unknown) had accused

the Plaintiff of solicitation after the Plaintiff had finished having a conversation with a

young lady about the theater. This conversation at NO TIME INVOLVED A REQUEST

FOR MONEY AND WAS MERELY A CONVERSATION ABOUT A PRODUCTION

OF HAMLET THAT WOULD BE OCCURING AT THE PHOENIX THEATER.

13. The other possible problem is that at one point the Plaintiff had confronted some

baristas at 125 Petaluma Blvd about what might have been some gossiping about him that

made him feel disturbed. It seemed that there were some innuendos in comments made

by baristas at this location suggesting that he may 'sleep around a lot'. Some time later,

Store Manager Brittany (last name unknown) had confronted the Plaintiff saying that he

was saying things that were making people uncomfortable, although she did not specify

what.

14. At any rate, it was abundantly clear that Ms. Kruger was either uninformed about

these matters or found them to be too unresolved in order to reverse her decision of

having banned me from the location. From than on I would not be able to enter Starbucks

the plaintiff ☉ 5/29/2015        the plaintiff ☉ 5/29/2015

at 125 Petaluma Blvd.

Discovery Rule

Starbucks District Supervisor

Jennifer Kruger's defamatory statement

About Plaintiff

15. &. On or about June 3rd, 2014, the Plaintiff was contacted by District
Supervisor Jennifer Kruger. It was in follow up to a request placed with Brittany (last
name unknown), Customer Service Manager in Albuquerque New Mexico, that she have
Ms. Kruger contact Plaintiff in regards to the aforementioned incident of June 29, 2013,
wherein the Plaintiff was banned from Starbucks. The Plaintiff had serious concerns in
his mind about the reason Ms. Kruger was giving Starbucks employees about the
Plaintiff, as to why he had been banned from Starbucks at 125 Petaluma Blvd. South.
When the Plaintiff asked Ms. Kruger on the phone what it was that she was telling
everyone she responded,

(18) 6/29/2019

"Well "Didn't you make sexual advances on a seventeen year old and the Father had to
call the Police?"

16. This is in no way true, is SLANDER PER SE, and is a cause of damages
to the Plaintiff. It has damaged the Plaintiff's reputation via COMPELLED SELF
PUBLICATION wherein the Plaintiff has had to communicate to several parties the
reason that he is not able to go into Starbucks at 125 Petaluma Blvd.; and according to

Starbucks Store Manager Isabel (last name unknown), in a conversation with the Plaintiff
at 5306 C Old Redwood Highway in Petaluma, on or about Nov. 15th 2014,

"I know about it [defamatory statement] because I occasionally fill in for Jen."

17.     In a conversation between the Plaintiff and Lieutenant Ken Savano of Petaluma
Police Dept. (recorded and available upon request), when the Plaintiff went to investigate
the possible origins for Ms. Kruger's defamatory statement: ⑭ 6/31/2015

"Well, didn't you [Plaintiff] make sexual advances on a 17 year old and the
Father called the Police?";

Lieutenant Ken Savano states, (paraphrased) ⑭ 6/3/2015
⑭ 6/3/2015
"There is no call report with PPD to indicate a Father having called PPD in regards
to the Plaintiff having made sexual advances on his daughter." ⑭ 6/3/15 And PPD HAS
NEVER APPROACHED THE PLAINTIFF IN REGARDS TO ANY INCIDENT
RELATING TO A FATHER HAVING CALLED THE POLICE ABOUT THE
PLAINTIFF HAVING MADE SEXUAL ADVANCES ON HIS DAUGHTER.

8.

<u>The Plaintiff attempts to resolve issue of defamation</u>

<u>With District Supervisor Jennifer Kruger</u>

18.   On or about Dec. 4, 2014 a meeting occurred between the Plaintiff and Ms.

Kruger in regards to the matter of his having been slandered by Ms. Kruger wherein the

Plaintiff asked Ms. Kruger,

19.   "What is Starbucks doing in order to do the right thing now?"

Ms. Kruger responded that she had called around to the various locations and said that it

was okay for the Plaintiff to be a customer. When the Plaintiff asked Ms. Kruger why she

had said what she had said [defamatory statement], Ms. Kruger asked,

20.   "Wasn't there another incident up in Fort Bragg?"

The Plaintiff responded to this that she must have been indicating an alleged stalking that

had been A FALSE ACCUSATION. The incident that she was referring to, because the

Plaintiff had, at an earlier time spoken of this incident with baristas at 125 Petaluma

Blvd. Starbucks, referred to an incident of being FALSELY ACCUSED of stalking a

female barista (identity unknown), and it should be noted that the Plaintiff identified it as

such-A FALSE ACCUSATION. _at that time. 06/3/2015_ However, the Plaintiff was unfairly and unjustly

escorted from the Fort Bragg location at 576 South Main St. by Sgt. Lee and Officer

Wilder from FBPD.

21.   In the course of this conversation between Ms. Kruger and the Plaintiff the

Plaintiff made the request of Ms. Kruger, so that he might restore and repair his

reputation in the City of Petaluma, _that he 05/29/15_ be readmitted to 125 Petaluma Blvd. Starbucks. Ms.

Kruger responded,

9.

22. "Yeah, I can look into that; I'll have to ask the new store manager over there but I'll see what I can do."

### District Supervisor Jennifer Kruger DOES NOT
### Allow Plaintiff to re-enter 125 Petaluma Blvd
### Starbucks

23. In regards to the request made by the Plaintiff that he be readmitted to 125 Petaluma Blvd. Starbucks as a customer in good standing, Ms. Kruger DID NOT respond in a timely manner. After TWO WEEKS the Plaintiff than contacted Regional Supervisor Carmen (last name unknown), about the fact that Ms. Kruger had not contacted him. The Plaintiff expressed to Carmen that it seemed strange that Ms. Kruger should find it necessary to confer with a NEW Store Manager who should have no previous knowledge of the incident of June 29, 2013. However Carmen agreed that Ms. Kruger would indeed have to check with the new Manager, and beyond this there was nothing that Carmen could do to resolve the situation, and Carmen DID NOT EXPRESS ANY INTEREST IN INTERCEDING ON BEHALF OF THE PLAINTIFF although she is/was Ms. Kruger's immediate Supervisor.

24. On December 22, 2014 at 7:27 a.m., the Plaintiff contacted Starbucks Customer Service in regards to the fact that Ms. Kruger had not responded to his request for readmission. He spoke with Tinicia in Delaware and asked her to please contact Ms. Kruger and have her call the Plaintiff to give him some sort of answer regarding readmission to 125 Petaluma Blvd. Starbucks.

At approximately 9:~~52~~ ⑫ 5/31/15 a.m. Ms. Kruger contacted the Plaintiff and told him that,

25, ~~HE WOULD NOT BE READMITTED TO 125 PETALUMA BLVD STARBUCKS.~~

11,

<u>Count 1 Defamation Per Se</u>

26.     Plaintiff incorporates by reference all allegations contained in paragraphs 1 through 25.

27.     Defendant made false statement about Plaintiff, "Didn't you [Plaintiff] make sexual advances on a 17 year old and the Father called the Police?"

28.     Defendant's false statement accuses Plaintiff of having committed a crime.

29.     Defendant had been informed by the Plaintiff of the true and correct information concerning the Plaintiff's conduct the afternoon of the incident. And as such; Plaintiff stated as lawful and good.

30.     The defendant did broadcast to a third party the false statement, and possibly the Police.

31.     Above mentioned false statement is of such a nature that it makes the Plaintiff appear contemptible and criminal to a reasonable person.

32.     Said false statement causes the Plaintiff loss of reputation, both past and future, loss of standing, subjects him to embarrassment, ridicule and contempt. Severely impacts and potentially destroys his capacity to appear trustworthy and capable of being employed. Potentially destroys the capacity for him to found and lead a non-profit theater company in the City of Petaluma and beyond.

<u>Prayer for Relief</u>

33. Wherefore, Plaintiff respectfully demands this court enter judgement in it's favor and against Starbucks Corporation as follows:

34. Enjoining permanently the Defendants from making any future defamatory statements about the Plaintiff while also seeking to correct remaining false information concerning Plaintiff that may still be with other parties due to gossip.

35. Awarding for the Plaintiff's **gross impairment of his good name, loss of standing, potential future loss of reputation, embarrassment, humiliation,** loss of (IB)5/31/2015 **Subjugation to scorn and ridicule, ability to be deemed trustworthy and law-abiding, as well as the ability to be deemed employable or fit to found and lead a non-profit theater company** a sum of $425,000.00.

36. Any punitive damages as the court sees fit.

37. Granting such other and further relief as the court deems just and proper.

DEMAND FOR JURY

5/29/2015

# EXHIBIT 2

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Yosha Ellis<br>General Delivery, Petaluma Ca, 94952<br>TELEPHONE NO.: 707 596 2486    FAX NO. (Optional): N/A<br>E-MAIL ADDRESS (Optional): ellisircle@gmail.com<br>ATTORNEY FOR (Name): N/A | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sonoma
STREET ADDRESS: 600 Administration Dr.
MAILING ADDRESS: 600 Administration Dr. 6/4/2015 95403
CITY AND ZIP CODE: Santa Rosa, CA
BRANCH NAME: Civil Division + Small Claims

PLAINTIFF/PETITIONER: Yosha Ellis

DEFENDANT/RESPONDENT: STARBUCKS CORPORATION

| | CASE NUMBER: |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | |

TO (insert name of party being served): STARBUCKS CORPORATION

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing:

DAIRA SHEEHY
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. ☑ A copy of the summons and of the complaint.
2. ☑ Other (specify): Self addressed stamped envelope
   2 exhibits attached to Complaint.

(To be completed by recipient):

Date this form is signed: 6/25/15

Tabrina Jenkins
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)
Starbucks Corporation

► _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

**EXHIBIT 3**

1 | Paul Caleo, State Bar No. 153925
2 | Katrina Acosta Romero, State Bar No. 289461
  | Omar Parra, State Bar No. 303041
  | BURNHAM BROWN
3 | A Professional Law Corporation
  | P.O. Box 119
4 | Oakland, California 94604
  | ---
5 | 1901 Harrison Street, 14th Floor
  | Oakland, California 94612
6 | Telephone:    (510) 444-6800
  | Facsimile:    (510) 835-6666
7 | Email: pcaleo@burnhambrown.com
  |        kromero@burnhambrown.com
8 |        oparra@burnhambrown.com

9 | Attorneys for Defendant
  | STARBUCKS CORPORATION
10

11 |              SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA

12 |                            UNLIMITED JURISDICTION

13 | YOSHA ELLIS,                          No. SCV-257234

14 |              Plaintiff,              **DEFENDANT STARBUCKS
   |                                      CORPORATION'S NOTICE TO
15 | v.                                   ADVERSE PARTY OF REMOVAL TO
   |                                      FEDERAL COURT**
16 | STARBUCKS CORPORATION,
   |                                      **Complaint Filed:  May 29, 2015**
17 |              Defendants.

18 |        **PLEASE TAKE NOTICE** that a Notice of Removal of the above-entitled action from

19 | the Superior Court of the State of California, County of Sonoma to the United States District

20 | Court for the Northern District of California was duly filed and served on July 27, 2015, in the

21 | United States District Court for the Northern District of California (San Francisco/Oakland).  A

22 | true and correct copy of said Notice of Removal is attached as **Exhibit 1**.

23 | DATED: July 27, 2015                  BURNHAM BROWN

24

25                                        _____
                                          PAUL CALEO
26                                        Attorneys for Defendant
                                          STARBUCKS CORPORATION
27 | 4833-7158-9670, v. 1

28

                                          1
DEFENDANT STARBUCKS CORPORATION'S NOTICE TO ADVERSE PARTY      No. SCV-257234
OF REMOVAL TO FEDERAL COURT

# EXHIBIT 1

1   Paul Caleo, State Bar No. 153925
    Katrina Acosta Romero, State Bar No. 289461
2   Omar Parra, State Bar No. 303041
    BURNHAM BROWN
3   A Professional Law Corporation
    P.O. Box 119
4   Oakland, California 94604
    ---
5   1901 Harrison Street, 14th Floor
    Oakland, California  94612
6   Telephone:    (510) 444-6800
    Facsimile:    (510) 835-6666
7   Email: pcaleo@burnhambrown.com
           kromero@burnhambrown.com
8          oparra@burnhambrown.com

9   Attorneys for Defendant
    STARBUCKS CORPORATION
10

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13            SAN FRANCISCO/OAKLAND DIVISION

14

15  YOSHA ELLIS,                        No.

16            Plaintiff,                [Sonoma County Superior Court
                                        Case No.: SCV-257234]
17  v.
                                        **DEFENDANT STARBUCKS**
18  STARBUCKS CORPORATION,              **CORPORATION'S NOTICE OF**
                                        **REMOVAL OF ACTION UNDER 28**
19            Defendants.               **U.S.C. SECTION 1441(b) (DIVERSITY)**

20                                      **Complaint Filed:  May 29, 2015**

21

22      **TO THE CLERK OF THE NORTHERN DISTRICT:**

23      **PLEASE TAKE NOTICE** that Defendant STARBUCKS CORPORATION

24  ("Starbucks"), by and through its counsel, hereby removes the above-captioned action from the

25  Superior Court of the State of California, in and for the County of Sonoma, to the United States

26  District Court for the Northern District of California, for the reasons described below.

27  ///

28  ///

## PLAINTIFF'S COMPLAINT

1.      Plaintiff YOSHA ELLIS ("Plaintiff") filed an action in the Superior Court of California, County of Sonoma, entitled Yosha Ellis v. Starbucks Corporation, case number SCV-257234 on May 29, 2015. A true and correct copy of Plaintiff's Complaint filed in the Superior Court of California, County of Sonoma, is attached as **Exhibit 1**.

2.      Plaintiff served his Complaint on Starbucks via Notice and Acknowledgment of Receipt pursuant to California Code of Civil Procedure section 415.30.

3.      Starbucks signed and returned the Notice and Acknowledgment of Receipt on June 25, 2015. A true and correct of the signed Notice and Acknowledgment of Receipt is attached as **Exhibit 2**.

4.      Plaintiff's Complaint alleges a cause of action for defamation per se against Starbucks. See Exhibit 1, Plaintiff's Complaint at page 12.

5.      Specifically, Plaintiff alleges "Starbucks District Supervisor Jennifer Kruger" told third parties that "[Plaintiff] made sexual advances on a 17 year old and the Father called the Police." See Exhibit 1, Plaintiff's Complaint at page 1.

## GROUNDS FOR REMOVAL

6.      Plaintiff and Starbucks are the only parties to this action.

7.      Plaintiff alleges he is a California resident. See Exhibit 1, Plaintiff's Complaint at page 2.

8.      Both at the time that this action was commenced and now, Starbucks is incorporated in Washington and has its principal places of business in Washington. Pursuant to Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1094 (9th Cir. 1990), if one state does not contain a substantial predominance of corporate operations, courts are to apply the "nerve center" test to determine a corporation's principal place of business. Tosco Corp. v. Communities for a Better Environment, 236 F.3d 495, 500 (9th Cir. 2001). The corporation's principal place of business is then determined by identifying the state "where the majority of the corporation's executives and administrative functions are performed." Id. This test is particularly appropriate where a corporation's activities are widespread and its operations are

1    conducted in many states. <u>Indus. Tectonics, Inc.</u>, 912 F.2d at 1094; <u>see also</u> <u>Lurie Co. v. Loew's</u>

2    <u>San Francisco Hotel Corp.</u>, 315 F.Supp. 405, 412 (N.D. Cal. 1970).

3       Here, Starbucks' employees, sales, production activities, tangible properties, income,

4    purchases, etc. are spread across multiple states and multiple counties and no one state

5    substantially predominates. Starbucks corporate offices are located in Seattle, Washington,

6    where approximately four thousand (4,000) of its corporate employees work. This is the largest

7    single group of employees in one location. The majority of Starbucks executive and

8    administrative functions occur in Washington, and Starbucks CEO, CFO, General Counsel, and

9    other senior management are located in Seattle, Washington, as well as Starbucks finance,

10    accounting, purchasing, treasury, marketing, training, human resources, information systems,

11    internal audit, and legal departments. Starbucks, therefore, is a citizen of Washington.

12      9.     Plaintiff's seeks $425,000 in damages, and "any punitive damages as the court

13    sees fit." <u>See</u> Exhibit 1, Plaintiff's Complaint at page 13.

14      10.     Consequently, because Plaintiff and Starbucks are citizens of different states, and

15    because the amount in controversy exceeds $75,000, this matter is removable pursuant to 28

16    U.S.C. sections 1332, 1141(b), and 1446(b).

17                           **JURISDICTION**

18      11.     This action is a civil action for which this Court has original jurisdiction under 28

19    U.S.C. section 1332, and is one that may be removed to this Court by Defendants pursuant to the

20    provisions of 28 U.S.C. section 1441(b), in that it is a civil action between citizens of different

21    states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and

22    costs.

23                **INTRADISTRICT ASSIGNMENT**

24      12.     Plaintiff's Complaint was filed in Sonoma County. Pursuant to Northern District

25    Local Rules 3-2(c), 3-2(d), and 3-5(b), all civil actions that arise in the Sonoma County shall be

26    assigned to the San Francisco or Oakland Division.

27             **NOTICE TO PLAINTIFF AND STATE COURT**

28      13.     Immediately following the filing of this Notice of Removal of Action, written

DEFENDANT STARBUCKS CORPORATION'S NOTICE OF REMOVAL OF     No.

1   notice of this filing will be served on Plaintiff and will be filed with the Clerk of the Superior

2   Court for the County of Sonoma, in accordance with 28 U.S.C. § 1446(d).

3                                          **EXHIBITS**

4           14.     Attached as **Exhibit 1** is a true and correct copy of Plaintiff's Complaint filed in

5   the Superior Court of California, County of Sonoma.

6           15.     Attached as **Exhibit 2** is a true and correct copy of the Notice and

7   Acknowledgment of Receipt signed by Starbucks on June 25, 2015.

8           16.     Attached as **Exhibit 3** is a true and correct copy of the Notice to Adverse Parties

9   of Notice of Removal being filed contemporaneously in the Superior Court of California,

10  County of Sonoma, case number SCV-257234.

11                                  **DEMAND FOR JURY TRIAL**

12          17.     Defendants Starbucks Corporation demands a jury trial of twelve jurors pursuant

13  to Federal Rules of Civil Procedure, Rule 38.

14                                          **PRAYER**

15          Defendant prays that the above-entitled action, currently pending in the Superior Court of

16  the State of California, County of Sonoma, be removed to the United States District Court for

17  the Northern District of California, and that this action proceed in this Court as an action

18  properly removed pursuant to 28 U.S.C. section 1441, et seq.

19

20  DATED:  July 27, 2015                    BURNHAM BROWN

21

22                                          _____

23                                          PAUL CALEO
                                            Attorneys for Defendant
24                                          STARBUCKS CORPORATION

25

26  4851-4682-8838, v. 1

27

28

                                            4

DEFENDANT STARBUCKS CORPORATION'S NOTICE OF REMOVAL OF          No.

EXHIBIT 1

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** STARBUCKS CORPORATION
*(AVISO AL DEMANDADO):*

**YOU ARE BEING SUED BY PLAINTIFF:** Yosha Ellis
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

FILED

MAY 29 2015

Clerk of the Superior Court of California
County of Sonoma
By_____
Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California
County of Sonoma
600 Administration Drive
Santa Rosa, CA 95403

CASE NUMBER:
*(Número del Caso):*
SCV-257234

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Yosha Ellis    707 5962486    JOSE O. GUILLEN
**DATE:** General Delivery MAY 29 2015    Clerk, by _____ Lupe Beas , Deputy
*(Fecha)* Petaluma, CA 94952    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)

[ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

[SEAL]
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA<br>CIVIL DIVISION<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878<br>(707) 521-6500<br>www.sonoma.courts.ca.gov | (FOR COURT USE ONLY)<br><br>**ENDORSED<br>FILED**<br><br>MAY 2 9 2015<br><br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SONOMA |
|---|---|
| NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES,<br>NOTICE OF CASE MANAGEMENT CONFERENCE,<br>and ORDER TO SHOW CAUSE | Case number:<br><br>SCV-257234 |

### A COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT AND WITH ANY CROSS-COMPLAINT

1. THIS ACTION IS ASSIGNED TO HON. _____GARY NADLER_____ FOR ALL PURPOSES.
   Pursuant to *California Rules of Court*, Rule 2.111(7), the assigned judge's name must appear below the number of the case and the nature of the paper on the first page of each paper presented for filing.
2. EACH DEFENDANT MUST FILE A WRITTEN RESPONSE TO THE COMPLAINT AS REQUIRED BY THE SUMMONS.
   A Case Management Conference has been set at the time and place indicated below:

| Date:<br>Location: SEP 2 4 2015 | Time:<br>3035 CLEVELAND AVE STE 200<br>SANTA ROSA, CA 95403  3:00 p.m. | Courtroom:<br>17 |
|---|---|---|

3. No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement [Judicial Council form #CM-110] and serve it on all other parties in the case. In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.
4. At the conference, counsel for each party and each self-represented party must appear personally or by telephone [California Rules of Court, Rule 3.670(c)(2)]; must be familiar with the case; and must be prepared to discuss and commit to the party's position on the issues listed in California Rules of Court, Rule 3.727.
5. Pre-approved dispositions are recorded three (3) court days prior to the case management conference. These may be obtained by calling (707) 521-6883 or by going to http://sonoma.courts.ca.gov/online-services/tentative-rulings.

### ORDER TO SHOW CAUSE

To Plaintiff(s), Cross-complainants, and/or their attorneys of record:
If, on the date shown above, you are not in compliance with the requirements stated in the California Rules of Court, rules 2.30, 3.110, and/or 3.720 through 3.771 inclusive, you must then and there show cause why this court should not impose monetary and/or terminating sanctions in this matter.

Pursuant to California Rule of Court, rule 3.221(b), information and forms related to Alternative Dispute Resolution are available on the Court's website at http://sonoma.courts.ca.gov/self-help/adr.

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SONOMA

Yosha Ellis
General Delivery
Petaluma, CA 94952
707-596-2486

IN PRO PER

**ENDORSED FILED**

MAY 2 9 2015

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

Case No. SCV 257234

YOSHA ELLIS,

           Plaintiff,

   v.

STARBUCKS CORPORATION,

          Defendant,

COMPLAINT

JURY TRIAL DEMANDED

1. Plaintiff is informed and believes, and based upon that information and belief alleges, that at all times mentioned in this complaint, defendants were the agents and employees of their codefendants and in doing the things alleged in this complaint were acting within the course and scope of such agency and employment.

NATURE OF THE ACTION

2. This is an action for damages arising from a false and defamatory statement made by Starbucks District Supervisor Jennifer Kruger saying,

"You [Yosha Ellis] made sexual advances on a 17 year old and the Father called the Police."

This statement was than broadcast to a third party, Starbucks store manager Isabel (last name unknown); and through a process of COMPELLED SELF PUBLICATION the Plaintiff was than forced to spread the defamation to other parties.

Starbuck's Case # 1471 0741 @ 6/4/2015

## The Parties

3. Yosha Ellis is a private person, artist and Artistic Director for Foglights Theater Company (e.i.n. 45-4104503) who resides in Petaluma California. He has been working to found Foglights Theater Company in Petaluma since March of 2012.

4. Starbucks Corporation is a Seattle based coffee chain with several locations in Petaluma California. Petaluma is located within the bounds of Sonoma County.

## Jurisdiction and Venue

5. This Court has personal jurisdiction over this matter because said location of the incident was 125 Petaluma Blvd., Petaluma California. Petaluma is located within the bounds of Sonoma County.

6. This Court has subject matter jurisdiction because the sum being sued for is in excess of $25,000.00.

7. Venue is proper in this county in accordance with section 395(a) of the California Code of Civil Procedure because the defendants do business in Sonoma County.

Introduction

8. In the time that Plaintiff Yosha Ellis, from here forward, known as Plaintiff, has

been single, he has asked over 100 women out. On a few occasions the Plaintiff

approached a young lady, whom by her appearance, seemed to be of age (18 or older),

and asked her out. In these instances when the young lady than informed the Plaintiff that

she was not yet 18, the Plaintiff always obeyed the law, walked away and ceased to

pursue the woman further.

The Incident of June 29, 2013

9. On June 29, 2013 at roughly 9 a.m. the Plaintiff was seated inside Starbucks at

125 Petaluma Blvd., 94952 with a friend and the friend got up to go to the bathroom. The

Plaintiff than stepped out onto the sidewalk to have a cigarette and was approached by a

man and woman in bicycle gear. The woman spoke to the Plaintiff, saying, "My daughter

is 17, leave her alone!" The Plaintiff than responded that it was inappropriate for her to

speak to him that way; because there seemed to be insinuations of something illegal (he

always obeyed the law in that regard), and if she spoke to him that way in public again,

embarrassing him, than he would have to call the Police. The man accompanying the

woman than became enraged and began screaming and cussing at the Plaintiff so that the

Plaintiff had to run to Petaluma Market (he didn't have a cell phone) and ask to use the

phone. He needed to call 911. After waiting over a half hour for the Police to arrive,

Officer John Antonio drove into Petaluma Market parking lot and got out of his car.

Apparently (and according to a conversation with Lieutenant Tim Lyons of PPD

sometime later) Officer McGowan contacted Starbucks and spoke with them about the

incident (Exhibit A) before Officer John Antonio got to the Plaintiff and informed him that he was BANNED FROM STARBUCKS. The Plaintiff was greatly disturbed by the unfairness of this decision and so he argued with J. Antonio that he had OBEYED THE LAW in regards to the young lady (identity unknown). Officer Antonio than refused to aid the Plaintiff in getting his wallet and things safely out of Starbucks and told him that he'd have to contact Starbucks himself and make arrangements to get his belongings. The Plaintiff than returned to 125 Petaluma Blvd. Starbucks to attempt to get his wallet and things and found Store Manager Brittany (last name unknown) washing windows outside. He explained to her everything about the encounter with the parents, including the enraged and screaming man, having to call the Police; HAVING OBEYED THE LAW in regards to the encounter with the woman's daughter and the encounter with Officer John Antonio. He than stated that he would go to PPD to file a complaint against Officer Antonio for essentially refusing to help him and seeming to insinuate by his actions that the Plaintiff had done something wrong.

10.     According to an email from Lieutenant Tim Lyons (Exhibit B), sent to the Plaintiff on April 9th 2015; after having spoken with Officer McGowan about his conversation with Starbucks Management on June 29th 2013, Lt. Lyons states that, (paraphrased) 5/20/15 OFFICER MCGOWAN IN NO WAY RECOMMENDED A COURSE OF ACTION FOR STARBUCKS TO TAKE IN REGARDS TO THE PLAINTIFF. RATHER THAT HE MERELY RESPONDED TO INFORMATION GIVEN HIM BY STARBUCKS AND THAN RELAYED THAT MESSAGE TO J. ANTONIO WHO INFORMED THE PLAINTIFF THAT HE WAS BANNED.

Exhibit "A" - P.P.r Call Report

| Event | | | | | |
|---|---|---|---|---|---|
| | | Call ID: 131800042 | | Printed: January 20, 2015 | |
| 1. Agency | | 2. Received by: | 3. Date/Time Received 06/29/2013    09:23 | 5. Time Arrived 10:08 | 7. Case # |
| PEP | | Thomsen, Tina | 4. Time Dispatched 09:59 | 6. Time Complete 10:20 | |

| 8. Nature Of Incident | MEET CITIZEN |
|---|---|
| 9. Location Of Incident | 125 PETALUMA BL N, PETALUMA, CA |
| 10. Victim or Caller | YOSHA ELLIS |

| 11. Classification | 12. How Received | 13. Disposition | 14. Officer | 15. Date Submitted |
|---|---|---|---|---|
| | ANI/ALI I/CAD | LOG ENTRY | Antonio, John | 06/29/2013 |

Notes: YOSHA ADV HE HAS ASKED OVER 60 GIRLS FOR THEIR PHONE NUMBERS BECAUSE HE WAS LOOKING
FOR A GF HE ACCIDENTALLY ASKED A 17 YR FOR HER PHONE NUMBER NOT KNOWING SHE WAS
THAT YOUNG RP WAS IN STARBUCKS TODAY ** LOI search completed at 06/29/13 09:23:19 AND THE
PARENT AND HER PARTNER BECAME EXTREMELY 415 VERB W/HER THEY ARE NOW IN THE
STARBUCKS DOWNTOWN DRESSED IN BICYCLE RIDING GEAR W/BICYCLES OUTSIDE RP IS
CONCERNED BECAUSE HE LEFT HIS BELONGINGS INSIDE STARBUCKS AND IS AFRAID TO GO BACK
AND GET THEM W/OUT AN OFFICER GOING W/HIM RP WILL WAIT INSIDE PET MARKET FOR CONTACT
YOSHA WEARING PLAID SHIRT TAN JEANS BLK SHOES ** PER search completed at 06/29/13 09:31:03 ** PER
search completed at 06/29/13 09:31:08 ** Event Location changed from "210 WESTERN AV PE: @PETALUMA
MARKET" to "125 PETALUMA BL N PE: @RP AT PETALUMA MARKET" at: 06/29/13 09:31:34 ** >>>> by:
TINA THOMSEN on terminal: ped2 ** LOI search completed at 06/29/13 09:31:34 ** PER search completed at
06/29/13 09:31:49 RP VALID/CLR/ILEADS HX FOR 5150 CLR IJS, 27 CONTACTED STARBUCKS AND ADVISE
SUBJECT IS NOT ALLOWED IN BUSINESS .

5/21/2015                          Starbucks - ellisircle@gmail.com - Gmail

# Exhibit "B"

Gmail

TLYONS@ci.petaluma.ca.us

**Click here to enable** desktop notifications for Gmail.   Learn mor

Move to Inbox

COMPOSE

## Starbucks       Inbox   x

**Inbox (1,456)**

Hangouts gives you new
ways to keep in touch.
Get started

 Yosha

**Lyons, Tim** <TLYONS@ci.petaluma.ca.us>                    Apr 9
to me

Mr. Ellis,

I spoke to Officer McGowan about the call on June 29 , 2013.  He said he did n[o]
respond to Starbucks.  He said he spoke to the manager over the telephone.  H[e]
then relayed the information to Officer Antonio, who contacted you.  It is pretty [clear?]
to me that the officers involved were just acting upon the information supplied to
them by Starbucks, which I gave to you in your Public Records Act Request.  I
hope this is sufficient for your needs.  I appreciate you not phoning and emailing
everyone about this issue.   Thanks Tim


Lieutenant Tim Lyons
Police Administrative Service
Petaluma Police Department
969 Petaluma Blvd North<x-apple-data-detectors://4/0>
Petaluma, CA 94952<x-apple-data-detectors://4/0>
Office (707) 776-3718<tel:(707)%20776-3718>
FAX (707) 778-4476<tel:(707)%20778-4476>
tlyons@ci.petaluma.ca.us<mailto:tlyons@ci.petaluma.ca.us>

Sent from my iPhone

No Hangouts Contacts
Find someone

  Click here to Reply or Forward

**1.53 GB (10%) of 15 GB used**            Terms - Privacy

The Plaintiff than proceeded to retrieve his belongings from inside the café and than ask

his friend to please drive him to PPD where he would file a complaint. At PPD the

Plaintiff was able to file a complaint against Officer John Antonio with Captain Ron

Klein. Officer Klein, after hearing of the Plaintiff's story offered to contact Starbucks and

explain what had happened, but the Plaintiff thought best that he should contact District

Supervisor Jennifer Kruger himself via telephone and explain the whole thing.


## The Conversation with District Supervisor Jen Kruger


11.    The Plaintiff than walked to a Starbucks located at 205 North McDowell and

asked the Store Manager (name unknown) if he could please borrow the phone to place a

call to District Manager, Jennifer Kruger, in regards to an unfortunate incident that had

occurred across town at 125 Petaluma Blvd. Starbucks. He gave the Plaintiff the phone

and he placed a call to Ms. Kruger. She answered and the Plaintiff than told her that he

had just been banned from 125 Petaluma Blvd. Starbucks, that the decision did not make

sense. He than proceeded to tell her about the parents confronting him outside Starbucks;

how if he had indeed ever asked their daughter out, and that she turned out to be under

age; that he had only ever done the right thing; OBEYED THE LAW; turned and walked

away just as soon as she told him that she was underage. He than informed Ms. Kruger

that HE HAD CALLED THE POLICE, and that based upon the way that the Officer

mistreated him, that he had just finished filing a complaint at PPD with Officer Ron

Klein.

12,    Ms. Kruger than informed the Plaintiff that it had been HER decision to ban the

Plaintiff from the location, and said that there had been too many problems, although she

did not indicate precisely what. She may have been indicating 2 possible things:

An incident one evening when Shift Supervisor Jeremy (last name unknown) had accused

the Plaintiff of solicitation after the Plaintiff had finished having a conversation with a

young lady about the theater. This conversation at NO TIME INVOLVED A REQUEST

FOR MONEY AND WAS MERELY A CONVERSATION ABOUT A PRODUCTION

OF HAMLET THAT WOULD BE OCCURING AT THE PHOENIX THEATER.

13.    The other possible problem is that at one point the Plaintiff had confronted some

baristas at 125 Petaluma Blvd about what might have been some gossiping about him that

made him feel disturbed. It seemed that there were some innuendos in comments made

by baristas at this location suggesting that he may 'sleep around a lot'. Some time later,

Store Manager Brittany (last name unknown) had confronted the Plaintiff saying that he

was saying things that were making people uncomfortable, although she did not specify

what.

14.    At any rate, it was abundantly clear that Ms. Kruger was either uninformed about

these matters or found them to be too unresolved in order to reverse her decision of

having banned ~~me~~ the plaintiff (TB) 5/29/2015 from the location. From than on ~~I~~ the plaintiff (TB) 5/29/2015 would not be able to enter Starbucks

at 125 Petaluma Blvd.

<u>Discovery Rule</u>

Starbucks District Supervisor

Jennifer Kruger's defamatory statement

About Plaintiff


15.        ♠. On or about June 3rd, 2014, the Plaintiff was contacted by District

Supervisor Jennifer Kruger. It was in follow up to a request placed with Brittany (last

name unknown), Customer Service Manager in Albuquerque New Mexico, that she have

Ms. Kruger contact Plaintiff in regards to the aforementioned incident of June 29, 2013,

wherein the Plaintiff was banned from Starbucks. The Plaintiff had serious concerns in

his mind about the reason Ms. Kruger was giving Starbucks employees about the

Plaintiff, as to why he had been banned from Starbucks at 125 Petaluma Blvd. South.

When the Plaintiff asked Ms. Kruger on the phone what it was that she was telling

everyone she responded,

                    6/29/2015

·· Well "Didn't you make sexual advances on a seventeen year old and the Father had to

call the Police?"


16.            This is in no way true, is SLANDER PER SE, and is a cause of damages

to the Plaintiff. It has damaged the Plaintiff's reputation via COMPELLED SELF

PUBLICATION wherein the Plaintiff has had to communicate to several parties the

reason that he is not able to go into Starbucks at 125 Petaluma Blvd.; and according to

Starbucks Store Manager Isabel (last name unknown), in a conversation with the Plaintiff

at 5306 C Old Redwood Highway in Petaluma, on or about Nov. 15th 2014,

"I know about it [defamatory statement] because I occasionally fill in for Jen."

17.    In a conversation between the Plaintiff and Lieutenant Ken Savano of Petaluma

Police Dept. (recorded and available upon request), when the Plaintiff went to investigate

the possible origins for Ms. Kruger's defamatory statement; @ 5/31/2016

"Well, didn't you [Plaintiff] make sexual advances on a 17 year old and the

Father called the Police?";

Lieutenant Ken Savano states, (Paraphrased) @ 6/3/2015

@ w/3/2016 "There is no call report with PPD to indicate a Father having called PPD in regards

to the Plaintiff having made sexual advances on his daughter." @ w/3/15 And PPD HAS

NEVER APPROACHED THE PLAINTIFF IN REGARDS TO ANY INCIDENT

RELATING TO A FATHER HAVING CALLED THE POLICE ABOUT THE

PLAINTIFF HAVING MADE SEXUAL ADVANCES ON HIS DAUGHTER.

The Plaintiff attempts to resolve issue of defamation

With District Supervisor Jennifer Kruger

18. On or about Dec. 4, 2014 a meeting occurred between the Plaintiff and Ms.

Kruger in regards to the matter of his having been slandered by Ms. Kruger wherein the

Plaintiff asked Ms. Kruger,

19. "What is Starbucks doing in order to do the right thing now?"

Ms. Kruger responded that she had called around to the various locations and said that it

was okay for the Plaintiff to be a customer. When the Plaintiff asked Ms. Kruger why she

had said what she had said [defamatory statement], Ms. Kruger asked,

20. "Wasn't there another incident up in Fort Bragg?"

The Plaintiff responded to this that she must have been indicating an alleged stalking that

had been A FALSE ACCUSATION. The incident that she was referring to, because the

Plaintiff had, at an earlier time spoken of this incident with baristas at 125 Petaluma

Blvd. Starbucks, referred to an incident of being FALSELY ACCUSED of stalking a

female barista (identity unknown), and it should be noted that the Plaintiff identified it as

such A FALSE ACCUSATION. _at that time. @ 6/3/2015 However, the Plaintiff was unfairly and unjustly

escorted from the Fort Bragg location at 576 South Main St. by Sgt. Lee and Officer

Wilder from FBPD.

21. In the course of this conversation between Ms. Kruger and the Plaintiff the

Plaintiff made the request of Ms. Kruger, so that he might restore and repair his

reputation in the City of Petaluma, that he @ 5/29/15 be readmitted to 125 Petaluma Blvd. Starbucks. Ms.

Kruger responded,

22.   "Yeah, I can look into that; I'll have to ask the new store manager over there but I'll see what I can do."

District Supervisor Jennifer Kruger DOES NOT

Allow Plaintiff to re-enter 125 Petaluma Blvd

Starbucks

23.   In regards to the request made by the Plaintiff that he be readmitted to 125 Petaluma Blvd. Starbucks as a customer in good standing, Ms. Kruger DID NOT respond in a timely manner. After TWO WEEKS the Plaintiff than contacted Regional Supervisor Carmen (last name unknown), about the fact that Ms. Kruger had not contacted him. The Plaintiff expressed to Carmen that it seemed strange that Ms. Kruger should find it necessary to confer with a NEW Store Manager who should have no previous knowledge of the incident of June 29, 2013. However Carmen agreed that Ms. Kruger would indeed have to check with the new Manager, and beyond this there was nothing that Carmen could do to resolve the situation, and Carmen DID NOT EXPRESS ANY INTEREST IN INTERCEDING ON BEHALF OF THE PLAINTIFF although she is/was Ms. Kruger's immediate Supervisor.

24   On December 22, 2014 at 7:27 a.m., the Plaintiff contacted Starbucks Customer Service in regards to the fact that Ms. Kruger had not responded to his request for readmission. He spoke with Tinicia in Delaware and asked her to please contact Ms. Kruger and have her call the Plaintiff to give him some sort of answer regarding readmission to 125 Petaluma Blvd. Starbucks.

At approximately 9:57 a.m. Ms. Kruger contacted the Plaintiff and told him that,

29. HE WOULD NOT BE READMITTED TO 125 PETALUMA BLVD

STARBUCKS.

Count 1 Defamation Per Se

26. Plaintiff incorporates by reference all allegations contained in paragraphs 1 through 25.

27. Defendant made false statement about Plaintiff, "Didn't you [Plaintiff] make sexual advances on a 17 year old and the Father called the Police?"

28. Defendant's false statement accuses Plaintiff of having committed a crime.

29. Defendant had been informed by the Plaintiff of the true and correct information concerning the Plaintiff's conduct the afternoon of the incident. And as such; Plaintiff stated as lawful and good.

30. The defendant did broadcast to a third party the false statement, and possibly the Police.

31. Above mentioned false statement is of such a nature that it makes the Plaintiff appear contemptible and criminal to a reasonable person.

32. Said false statement causes the Plaintiff loss of reputation, both past and future, loss of standing, subjects him to embarrassment, ridicule and contempt. Severely impacts and potentially destroys his capacity to appear trustworthy and capable of being employed. Potentially destroys the capacity for him to found and lead a non-profit theater company in the City of Petaluma and beyond.

Prayer for Relief

33.   Wherefore, Plaintiff respectfully demands this court enter judgement in it's favor

and against Starbucks Corporation as follows:

34.   Enjoining permanently the Defendants from making any future defamatory

statements about the Plaintiff while also seeking to correct remaining false information

concerning Plaintiff that may still be with other parties due to gossip.

35.   Awarding for the Plaintiff's **gross impairment of his good name, loss of**

**standing, potential future loss of reputation, embarrassment, humiliation,**

loss of (life) 5/31/2015

**Subjugation to scorn and ridicule,** ability to be deemed trustworthy and law-

**abiding,  as well as the ability to be deemed employable or fit to found and lead a**

**non-profit theater company a sum of $425,000.00.**

36.   Any punitive damages as the court sees fit.

37.   Granting such other and further relief as the court deems just and proper.

DEMAND FOR JURY

5/29/2015

# EXHIBIT 2

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Yosha Ellis<br>General Delivery, Petaluma Ca, 94952<br>TELEPHONE NO.: 707 596 2486   FAX NO. *(Optional):* N/A<br>E-MAIL ADDRESS *(Optional):* ellisircle@gmail.com<br>ATTORNEY FOR *(Name):* N/A | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Sonoma**
STREET ADDRESS: 600 Administration Dr.
MAILING ADDRESS: 600 Administration Dr.
CITY AND ZIP CODE: Santa Rosa, CA ~~94~~ @ 6/4/2015 95403
BRANCH NAME: Civil Division + Small claims

PLAINTIFF/PETITIONER: Yosha Ellis

DEFENDANT/RESPONDENT: STARBUCKS CORPORATION

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: |
|---|---|

TO *(Insert name of party being served):* STARBUCKS CORPORATION

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing:

DAIRA SHEEHY
_____
(TYPE OR PRINT NAME)                    ▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify):* Self addressed stamped envelope
2 exhibits attached to Complaint.

*(To be completed by recipient):*

Date this form is signed: 6/25/15

Zabrina Jenkins
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)
Starbucks Corporation          ▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

| Re: | Yosha Ellis v. Starbucks Corporation |
|---|---|
| Court: | Sonoma County Superior Court |
| Action No: | SCV-257234 |

## PROOF OF SERVICE

I declare that I am over the age of 18, not a party to the above-entitled action, and am an employee of Burnham Brown whose business address is 1901 Harrison Street, 14th Floor, Oakland, Alameda County, California 94612 (mailing address: Post Office Box 119, Oakland, California 94604).

On July 27, 2015, I served the following document(s) in the following manner(s):

**DEFENDANT STARBUCKS CORPORATION'S NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT**

☒     **MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon on the date and place shown below following ordinary business practice. I am familiar with this business' practice for collecting and processing documents for mailing. On the same day that documents are placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

| | |
|---|---|
| Yosha Ellis<br>General Delivery<br>Petaluma, CA 94952<br>(707) 596-2486 | In Pro Per |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATE:     July 27, 2015

I. MARIA HUDSON

4830-3329-5142, v. 1

---

PROOF OF SERVICE

CASE NO. SCV-257234