1

2

3

4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7

8    YOSHA ELLIS,

9             Plaintiff,                    Case No.  15-cv-3451-PJH

10        v.

11    STARBUCKS CORPORATION,                **ORDER GRANTING MOTION TO
                                            DISMISS; ORDER DENYING MOTION
                                            FOR RULE 11 SANCTIONS**
12             Defendant.

13

14

15        Before the court is the motion of defendant Starbucks Corporation for an order

16   dismissing the first amended complaint ("FAC") pursuant to Federal Rule of Civil

17   Procedure 12(b)(6) for failure to state a claim, and plaintiff's motion for sanctions

18   pursuant to Federal Rule of Civil Procedure 11.  Having read the parties' papers and

19   carefully considered their arguments and the relevant legal authority, the court hereby

20   GRANTS the motion to dismiss and DENIES the motion for sanctions.

21                              **BACKGROUND**

22        Pro se plaintiff Yosha Ellis resides in Petaluma, California, where he has worked

23   for a local theater company since March 2012.  FAC ¶ 2.  He alleges that on June 29,

24   2013, at approximately 9:00 a.m., he was seated with a friend inside a Starbucks located

25   at 125 Petaluma Blvd., but then stepped outside to smoke a cigarette.  FAC ¶ 9.  While

26   he was outside, he was approached by a man and a woman.  Id.

27        The woman allegedly told plaintiff that her daughter was 17 years of age and

28   plaintiff should "leave her alone," and plaintiff allegedly responded that it was

United States District Court
Northern District of California

1    "inappropriate for her to speak to him that way," because he had done nothing illegal, and

2    "if she spoke to him that way in public again, embarrassing him, . . . he would have to call

3    the [p]olice."  Id.  The man accompanying her then allegedly "became enraged and

4    began screaming and cussing" at plaintiff.  Id.  Plaintiff ran to the Petaluma Market to use

5    the phone to call the police.  Id.  He claims that the police advised him he was banned

6    from Starbucks.  Id.

7          Plaintiff also attaches to the FAC as "Exhibit A" a copy of a document labeled

8    "P.P.D. Call Report," dated June 29, 2013, which states that he had advised the reporting

9    officer at the time of the original incident that "he has asked over 60 girls for their phone

10   numbers because he was looking for a [girlfriend and] he accidentally asked a 17 [year

11   old] for her phone number not knowing she was that young [he] was in Starbucks

12   today[;]" and that "the parent and her partner became extremely 415 verb w/her" and "are

13   now in the Starbucks downtown dressed in bicycle riding gear w/bicycles outside."[1]

14   Further, plaintiff "was concerned because he left his belongings inside Starbucks and is

15   afraid to go back and get them w/out an officer going with w/him."  The report ends,

16   "Contacted Starbucks and advise subject is not allowed in business."

17         Following the incident, plaintiff went to the Petaluma Police Department to file a

18   complaint against the officers who had responded to his call.  FAC ¶ 10.  Later,

19   apparently that same day, plaintiff went to a different Starbucks, located at 205 North

20   McDowell, and asked to use the phone to call Starbucks District Manager Jennifer

21   Kruger.  FAC ¶ 11.  He relayed to Ms. Kruger what had occurred at the Petaluma Blvd.

22   Starbucks, and told her he had filed a complaint against the police.  Id.  Plaintiff alleges

23   that Ms. Kruger told him that it had been her decision to ban him from the 125 Petaluma

24   Blvd. location, because there had been "too many problems."  FAC ¶ 12.  However, she

25   did not explain what the "problems" were.  Id.

26         Plaintiff speculates that Ms. Kruger might have been referring to one of three

27   _____

28   [1]   The sentences in the "Call Report" are not punctuated, and the sense of the report is
     not entirely clear.

United States District Court
Northern District of California

United States District Court
Northern District of California

incidents – an incident in which a Shift Supervisor accused plaintiff of "solicitation" after he had had "a conversation with a young lady about the theater;" an incident in which plaintiff "confronted some baristas at 125 Petaluma Blvd. about what might have been some gossiping about him that made him feel disturbed," specifically, that "there might have been some innuendos in comments made by baristas at this location suggesting that he may 'sleep around a lot;'" and an incident in which the Store Manager "confronted" him, saying that "he was saying things that were making people uncomfortable, although she did not specify what."  FAC ¶¶ 12-13.  Plaintiff claims that Ms. Krueger was "uninformed" about these matters, or "found them too unresolved in order to reverse her decision" to ban him from Starbucks, but that from that time he was not able to enter the Starbucks at 125 Petaluma Blvd.  FAC ¶ 14.

Plaintiff asserts further that Ms. Kruger contacted him by telephone on June 3, 2014, FAC ¶ 15, approximately 11 months after the original incident.  He claims this was in response to a request "placed with" a Customer Service Manager in New Mexico that she have Ms. Kruger contact him to discuss the June 29, 2013 incident.  Id.  Plaintiff alleges that he "had serious concerns in his mind about the reason Ms. Kruger was giving Starbucks employees about [him], as to why he had been banned from Starbucks at 125 Petaluma Blvd. South."  Id.  When he asked Ms. Kruger what she was telling Starbucks employees, she allegedly responded, "Didn't you make sexual advances on a seventeen year old and the Father had to call the police?"  Id.

Plaintiff asserts that "[t]his is in no way true, is slander per se, and is a cause of damages" to him.  FAC ¶ 16.  He alleges that  the statement "damaged [his] reputation via compelled self publication wherein [he] has had to communicate to several parties the reason that he is not able to go into Starbucks at 125 Petaluma Blvd."  Id.  He claims that Isabel Squire, a store manager at another Starbucks location, told him that she knew "about it . . . because I occasionally fill in for Jen."  Id.  Plaintiff alleges that the "it" referred to by Ms. Squire is the "defamatory statement."  Id.

Plaintiff claims he subsequently contacted the Petaluma Police Department to ask

3

whether there was any report of a father having called the police to report that plaintiff had made sexual advances to his seventeen-year-old daughter, and the Police Department informed him they had no such record.  FAC ¶ 17.

Plaintiff alleges that on December 4, 2014 (almost 18 months after the June 2013 incident), he and Ms. Kruger met "in regards to the matter of his having been slandered by Ms. Kruger," and that he asked Ms. Kruger, "What is Starbucks doing in order to do the right thing now?"  FAC ¶ 18.  Ms. Kruger allegedly responded that she had called around to various Starbucks locations, and said that it was okay for plaintiff to be a customer.  FAC ¶ 19.  Plaintiff claims that when he asked Ms. Kruger why she had stated that plaintiff had made sexual advances on a seventeen-year-old, Ms. Kruger asked, "Wasn't there another incident up in Fort Bragg?"  Id.  Plaintiff told her she must be referring to an allegation of a "stalking" of a female barrista, which he claimed had been a false accusation (although he conceded it resulted in his being escorted from the Fort Bragg Starbucks by two Fort Bragg Police Department officers).  FAC ¶ 20.

During this conversation with Ms. Kruger, plaintiff requested that he be "readmitted" to the 125 Petaluma Blvd. Starbucks, so that he might "restore and repair his reputation in the City of Petaluma."  FAC ¶ 21.  Ms. Kruger allegedly promised to confer with the store manager and see what she could do.  FAC ¶ 22.  After not hearing anything about the matter for two weeks, plaintiff contacted a Regional Supervisor – "Carmen" – to complain that Ms. Kruger had not responded in a timely fashion.  FAC ¶ 23.  He claims that Carmen did not express any interest in interceding on plaintiff's behalf, although she was allegedly Ms. Kruger's immediate supervisor.  Id.

Plaintiff alleges that on December 22, 2014, at 7:27 a.m., he contacted Starbucks Customer Service with regard to Ms. Kruger's failure to respond to his request for readmission; and that at approximately 9:57 a.m., Ms. Kruger contacted him to say that he would not be readmitted to the 125 Petaluma Blvd. Starbucks.  FAC ¶¶ 24-25.

Plaintiff filed the present action in the Superior Court of California, County of Sonoma, on May 29, 2015, alleging a single cause of action of defamation per se, and

1   seeking injunctive relief and damages, including punitive damages.  Starbucks removed

2   the case to this court on August 3, 2015, alleging diversity jurisdiction.

3        Starbucks moved to dismiss the complaint for failure to state a claim.  The court

4   issued an order on September 8, 2015, granting the motion to dismiss.  The court found

5   that plaintiff had failed to state a claim for defamation because he had alleged no facts

6   showing that Ms. Kruger did not use reasonable care in determining the truth or falsity of

7   her alleged statement.  Further, the court found that plaintiff had failed to allege facts

8   showing that the alleged defamatory statement was published in a manner sufficient to

9   constitute defamation.  The court noted that plaintiff alleged he had asked Ms. Kruger on

10  the phone "what it was that she was telling everyone," and that her response was, "Well,

11  didn't you make sexual advances on a seventeen year old and the Father had to call the

12  Police?"  However, he alleged no facts showing that she made a particular statement to

13  any third person.  Finally, the court found, while he referred to a claim that he made

14  "sexual advances on a seventeen year old," he did not allege facts sufficient to show that

15  Ms. Kruger accused him of engaging in criminal behavior.  The court granted leave to

16  amend to plead facts supporting the elements of the claim.

17       Plaintiff filed the FAC on October 15, 2015.  The allegations in the FAC are

18  substantially identical to those in the original complaint.  The sole differences between

19  the two versions of the complaint are (a) plaintiff modified the allegations of jurisdiction

20  and venue in the FAC; (b) plaintiff added allegations to the FAC regarding asserted

21  misconduct by Starbucks' counsel in connection with the briefing of Starbucks' motion to

22  dismiss the original complaint; (c) plaintiff added Exhibit B to the FAC, consisting of a

23  single page from Starbucks' memorandum of points and authorities in support of the

24  motion to dismiss the original complaint, which also includes several lines of illegible

25  hand-written notations in the left-side margin; and (d) plaintiff increased the amount of

26  damages sought in the prayer for relief, from $425,000 plus "[a]ny punitive damages as

27  the court sees fit" in the original complaint, to $500,000 plus $500,000 in punitive

28  damages in the FAC.  Most notably, however, the FAC alleges no new facts.

United States District Court
Northern District of California

**DISCUSSION**

A.    Motion to Dismiss

    1.    Legal Standard

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is generally limited to the contents of the complaint, although the court can consider a document on which the complaint relies if the document is central to the claims asserted, and no party questions the authenticity of the document. See Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007).

To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).   While the court is to accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); see also In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).

The complaint must allege facts sufficient "to raise a right to relief above the speculative level[,]" and a motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 558-59 (2007) (citations and quotations omitted). A claim has facial plausibility when the plaintiff pleads facts sufficient to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted).   "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"   Id. at 679.   Where dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir.

United States District Court
Northern District of California

1    2005).

2         2.    Defendant's Motion

3         Starbucks argues that the FAC should be dismissed because plaintiff has failed to

4    allege facts sufficient to state a claim for defamation per se.  Starbucks asserts further

5    that the dismissal should be with prejudice because the plaintiff has failed to correct the

6    pleading deficiencies identified by the court in the September 8, 2015 order dismissing

7    the original complaint for failure to state a claim.

8         "Defamation is an invasion of the interest in reputation."  Smith v. Maldonado, 72

9    Cal. App. 4th 637, 645 (1999).  A defamatory statement may be either written (libel) or

10   oral (slander).  Cal. Civ. Code §§ 44, 45, 46.  Here, plaintiff alleges only the oral

11   statement by Ms. Krueger, which he asserts was in the form of a question to him – "Well,

12   didn't you make sexual advances on a seventeen year old and the Father had to call the

13   police?"

14        Slander per se is "a false and unprivileged publication, orally uttered," which either

15   charges a person with crime or with having been indicted, convicted, or punished for

16   crime; or imputes in him the presence of an infectious, contagious, or loathsome disease;

17   or tends directly to injure him with respect to his profession, trade, or business; or

18   imputes to him impotence or want of chastity; or "by natural consequence, causes actual

19   damage."  Cal. Civ. Code § 46.  A claim of slander per se "requires a showing that the

20   defendant made a factual assertion, as opposed to an opinion, that was false."  Wynn v.

21   Chanos, 75 F.Supp. 3d 1228, 1233 (N.D. Cal. 2014).  "The question whether a statement

22   constitutes an actionable factual assertion is a question of law for the court to decide."  Id.

23        Additionally, to succeed on a claim of defamation per se, a plaintiff must allege

24   facts showing that the defendant published the statement, that the statement was about

25   the plaintiff, that the statement was false, and that the defendant failed to use reasonable

26   care to determine the truth or falsity of the statement.  Hecimovich v. Encinal Sch. Parent

27   Teacher Org., 203 Cal. App. 4th 450, 471 (2012); see also Lucky Kim Int'l Inc. v. Seo II

28   Corp., 2011 WL 2939172 at *2 (C.D. Cal. July 21, 2011).

United States District Court
Northern District of California

1  Starbucks asserts that the FAC fails to plead facts sufficient to state a claim for

2  defamation per se.  First, Starbucks contends, the alleged defamatory statement does

3  not amount to a factual assertion because it was made in the form of a question.  Thus,

4  rather than being a factual assertion, it was designed to elicit further information.

5  Starbucks argues that because plaintiff fails to allege that Ms. Kruger made a factual

6  assertion, he cannot state a claim for defamation per se against Starbucks.

7  Second, Starbucks contends that plaintiff alleges no facts showing that it published

8  an allegedly defamatory statement to any third person.  "'Publication'" by the defendant to

9  a third party is ordinarily an essential element of a claim for slander." Live Oak Publ'g

10  Co. v. Cohagan, 234 Cal. App. 3d 1277, 1286 (1991).  "Publication means

11  communication to some third person who understands the defamatory meaning of the

12  statement and its application to the person to whom reference is made." Smith, 72 Cal.

13  App. 4th at 645.  "Publication need not be to the 'public' at large; communication to a

14  single individual is sufficient." Id.  Starbucks asserts that there are no facts pled in the

15  FAC showing publication.

16  Starbucks adds that to the extent plaintiff is relying on the compelled self-

17  publication argument asserted in the FAC – which plaintiff also included in the original

18  complaint – such an argument is misplaced.  "Compelled self-publication" provides a

19  narrow exception to the rule that a plaintiff alleging a claim of slander must show

20  communication to a third party. Davis v. Consol. Freightways, 29 Cal. App. 4th 354, 373

21  (1994).  Normally, when the defamed person voluntarily repeats a defamatory

22  communication to others, the originator of the defamatory statement is not liable for any

23  ensuing damage. Shoemaker v. Friedberg, 80 Cal. App. 2d 911, 916 (1947).  However,

24  under the "compelled self-publication" exception, self-publication (publication by the

25  person demeaned) may be imputed to the originator of the statement if the person

26  demeaned is "operating under a strong compulsion to republish the defamatory

27  statement and the circumstances that create the strong compulsion are known to the

28  originator of the alleged defamatory statement at the time it was made. Davis, 29 Cal.

8

App. 4th at 373.

Here, plaintiff claims that he has had to "communicate to several parties the reason that he is not able to go into the Starbucks at 125 Petaluma Blvd."  FAC ¶ 16. However, Starbucks asserts, this cannot logically constitute "compelled self-publication" because by plaintiff's own allegation, he did not learn about the allegedly defamatory statement until more than 11 months after the June 2013 incident that gave rise to his ban from the Starbucks store, see FAC ¶ 15, and he alleges no facts showing why he would be under any "compulsion" to explain to others why he was banned from the store nearly one year after the fact.

Starbucks also argues that the allegations in the FAC are insufficient to support a finding that it failed to use reasonable care in determining the truth or falsity of the statement.  Starbucks argues that the conclusory allegation (in the nearly illegible hand-written comments on Exh. B to the FAC) that it "had been told the truth of what happened" does not demonstrate that Starbucks failed to use reasonable care in determining the truth or falsity of the allegedly defamatory statement.  Starbucks asserts in addition that to the extent that plaintiff is attempting to allege that Ms. Kruger failed to use reasonable care to determine the truth or falsity of the allegedly defamatory statement, this assertion is contradicted by the allegation that the "statement" was made in the form of a question posed to him by Ms. Kruger regarding what had happened at the store in question.

Finally, Starbucks contends that the allegedly defamatory statement does not accuse plaintiff of engaging in criminal behavior.  Again, Starbucks notes, plaintiff does not explain how an interrogatory can be interpreted as a factual assertion accusing him of criminal behavior.

As for plaintiffs' allegations regarding the statements in the "Call Report," and the suggestion that Starbucks' counsel attempted to create a false impression of the facts by removing words from the statement and inserting elipses in their place, Starbucks asserts that these allegations are irrelevant to plaintiff's claim for defamation per se.  Starbucks

9

1    also notes that plaintiff filed a non-redacted version of the exhibit with the court, and to

2    the extent that Starbucks' quotation of the "Call Report" created any ambiguity, an

3    examination of the full exhibit would clear up that ambiguity.

4            Starbucks contends that the dismissal should be with prejudice because, having

5    been afforded an opportunity to correct the deficiencies identified by the court in the prior

6    order dismissing the original complaint, plaintiff nonetheless failed to amend the

7    complaint to cure those deficiencies.  Thus, Starbucks asserts, amendment would be

8    futile.

9            Plaintiff's opposition consists of four and a half pages of text, plus Exhibits A and B

10   to the FAC ("Call Report" and single-page excerpt from defendants' motion to dismiss the

11   original complaint).  Plaintiff devotes two of the four and a half pages to a repetition of the

12   argument he makes in his motion for Rule 11 sanctions – that defendant's counsel

13   misrepresented the contents of the "Call Report" by omitting the words "RP was" before

14   the phrase "in Starbucks today," when describing the alleged incident, making it appear

15   that the 17-year-old girl was in Starbucks that day.

16           In the remaining portion of his opposition, plaintiff argues, first, that in asking him

17   whether he had made sexual advances on a 17-year-old, and whether the father had

18   called the police, Ms. Kruger was stating that plaintiff had engaged in the criminal act of

19   "lewd and lascivious conduct with a minor."  Second, plaintiff contends that when Ms.

20   Squire responded to his question about whether she had "heard anything about a

21   possible defamation lawsuit regarding something Jen Kruger said about me having made

22   sexual advances on a 17 year old over at Petaluma Blvd. Starbucks," by stating to him, "I

23   know about it because I occasionally fill in for Jen," Ms. Squire was stating that she had

24   heard the alleged defamatory statement, which plaintiff claims indicates that "Ms. Kruger

25   or someone with Starbucks broadcast the defamatory statement to Isabel Squire."

26           Plaintiff asserts that he has pled sufficient facts to show that Ms. Kruger failed to

27   use reasonable care in determining the truth or falsity of the statement.  He also alleges

28   that he has adequately pled that the false statement was published to a third party (Ms.

United States District Court
Northern District of California

1   Squire); that Ms. Kruger accused him of engaging in criminal behavior (lewd and

2   lascivious conduct with a minor); that the false statement was published to plaintiff by Ms.

3   Kruger and he was then compelled to publish it to others; and that the issue of

4   defendants' counsel omitting the words "RP was" from his "version" of the "Call Report" is

5   relevant because the court also omitted those words from its description of the incident in

6   the order granting the motion to dismiss the original complaint.

7          The court finds that the motion must be GRANTED.  First, the allegedly

8   defamatory statement took the form of question from Ms. Kruger to plaintiff on June 3,

9   2014 – "Well, didn't you make sexual advances on a 17 year old and the Father called

10  the Police?" – and thus was not, strictly speaking, a <u>statement</u> at all.  The only real

11  statement that plaintiff alleges Kruger made to him on this subject was in response to his

12  June 29, 2013, telephone call to her to tell her he had been banned from the 125

13  Petaluma Blvd. Starbucks, at which time Ms. Kruger stated that it had been her decision

14  to ban him from that Starbucks location, and that "there had been too many problems."

15         Second, even assuming for the sake of argument that Ms. Kruger's June 3, 2014

16  question can be viewed as a statement, and that it was false, plaintiff has not alleged

17  facts sufficient to show that the statement was published by Ms. Kruger or by Starbucks.

18  Plaintiff asserts that he asked Ms. Kruger on the phone "what it was that she was telling

19  everyone," and her response was, "Well, didn't you make sexual advances on a

20  seventeen year old and the Father had to call the Police?"  FAC ¶ 15.  He does not allege

21  any facts showing that she made a particular statement to any third person.

22         Plaintiff speculates that Ms. Kruger, or someone with Starbucks, published the

23  allegedly defamatory statement to Ms. Squire.  However, Ms. Squire, according to the

24  allegations in the FAC, stated, "I know about it because I occasionally fill in for Jen."  This

25  vague and ambiguous statement is insufficient to show that Ms. Kruger (a) made a

26  defamatory statement about plaintiff and (b) published that statement to Ms. Squire.

27  Plaintiff apparently interpreted the word "it" to mean "defamatory statement," but at most,

28  Ms. Squire's statement simply indicates some knowledge on her part of the fact that

United States District Court
Northern District of California

1    plaintiff had had a dispute with Starbucks' store management and/or that he had been

2    banned from Starbucks.

3         Nor is the "compelled self-publication" exception to the publication requirement

4    applicable under the facts alleged here.  Plaintiff has pled no facts showing that he was in

5    fact compelled to repeat the alleged defamatory statement.  Moreover, any claim that he

6    felt "compelled" to repeat the statement is vitiated by the allegations that he was banned

7    from the Petaluma Blvd. Starbucks on or about June 29, 2013, and that Ms. Kruger did

8    not ask whether it was true that he had made sexual advances on a 17-year-old until

9    June 3, 2014.

10        In addition, the application of the "compelled self-publication" exception has been

11   limited to a narrow class of cases, as set forth above.  See Davis, 29 Cal. App. 4th at

12   373; see also Live Oak, 234 Cal. App. 3d at 1285.  The originator of the statement must

13   foresee the likelihood of compelled republication when the statement is originally made,

14   as where the plaintiff is terminated by an employer and is under some compulsion to

15   explain to a prospective employer the stated reason for the termination (assuming such

16   statement was defamatory).  See McKinney v. Cnty. of Santa Clara, 110 Cal. App. 3d

17   787, 797 (1980).  Plaintiff alleges no facts sufficient to support application of the

18   "compelled self-publication" exception to the publication requirement for a claim of

19   defamation.

20        Third, plaintiff has not alleged facts showing that Ms. Kruger or Starbucks failed to

21   use reasonable care in determining the truth or falsity of the alleged statement.  Plaintiff

22   alleges only that he informed Starbucks "of the true and correct information concerning

23   [his] conduct, that Starbucks "did broadcast to a third party the false statement, and

24   possibly the Police," that the false statement "is of such a nature that it makes the

25   [p]laintiff appear contemptible and criminal to a reasonable person."  FAC ¶¶ 29-31.

26   These conclusory allegations do not include any facts showing a failure to use

27   reasonable care in determining the truth or falsity of the alleged defamatory question that

28   Ms. Kruger asked plaintiff.

United States District Court
Northern District of California

1    Fourth, plaintiff alleges no facts showing that Ms. Kruger accused plaintiff of

2   engaging in criminal behavior.  In the FAC, he asserts only that Ms. Kruger asked him

3   about whether he had made sexual advances on a 17-year old.  In his opposition to the

4   motion, he defines "sexual advances" as "lewd and lascivious conduct with a minor – a

5   criminal act."  The term "sexual advances" is not defined anywhere in the California Penal

6   Code.  While certain sexual <u>acts</u> or <u>conduct</u> will be charged as a criminal offenses if the

7   victim is under the age of 18 is involved, the statute that prohibits "lewd and lascivious"

8   conduct with a minor pertains to a crime that involves physical touching of a child under

9   16 years of age, with sexual intent.  <u>See</u> Cal. Penal Code § 288.  There are no facts pled

10  in the FAC showing that Ms. Kruger or anyone at Starbucks falsely accused plaintiff of

11  having committed a crime.

12    Finally, the court finds that further amendment would be futile.  The order granting

13  the motion to dismiss the original complaint set forth the standard for pleading a claim of

14  defamation per se, and instructed plaintiff with regard to the deficiencies in the original

15  complaint.  The court allowed plaintiff leave to amend to correct those deficiencies.

16  Plaintiff alleged no new facts, and has not pled the claim in accordance with the

17  applicable standards.  For this reason, the dismissal of the FAC is WITH PREJUDICE.

18  B.    Motion for Sanctions

19        1.    Legal Standard

20    Under Rule 11, sanctions may be imposed "when a filing is frivolous, legally

21  unreasonable, or without factual foundation, or is brought for an improper purpose."

22  <u>Estate of Blue v. Cnty. of L.A.</u>, 120 F.3d 982, 985 (9th Cir. 1997). "Rule 11 imposes a

23  duty on attorneys to certify by their signature that (1) they have read the pleadings or

24  motions they file and (2) the pleading or motion is 'well-grounded in fact,' has a colorable

25  basis in law, and is not filed for an improper purpose."  <u>Smith v. Ricks</u>, 31 F.3d 1478,

26  1488 (9th Cir. 1994) (citing Fed. R. Civ. P. 11).

27    The "central purpose of Rule 11 is to deter baseless filings in district court" by

28  requiring attorneys to certify that "they have conducted a reasonable inquiry and have

13

1    determined that any papers filed with the court are well grounded in fact, legally tenable,

2    and 'not interposed for any improper purpose.'" Cooter & Gell v. Hartmarx Corp., 496

3    U.S. 384, 393 (1990)).  The cases warranting imposition of sanctions are "rare and

4    exceptional."  Operating Eng'rs Pension Tr. v. A-C Co., 859 F.2d 1336, 1344 (9th Cir.

5    1988).

6          2.      Plaintiff's Motion

7          As described above, the court issued an order granting Starbucks' motion to

8    dismiss the complaint on September 8, 2015.  The dismissal was with leave to amend,

9    and plaintiff filed the FAC on October 15, 2015.  Starbucks filed a motion to dismiss the

10   FAC on October 29, 2015.  A week later, on November 5, 2015, plaintiff filed a motion for

11   Rule 11 sanctions, asserting that Starbucks' counsel Paul Caleo had "misrepresented"

12   the Petaluma Police Department "Call Report" that plaintiff had attached as an exhibit to

13   the original complaint (and also to the FAC).  Specifically, plaintiff argues that by inserting

14   elipses in place of the words "RP [Reporting Party] was" when quoting one part of the

15   report in the motion to dismiss the original complaint, Mr. Caleo had suggested that the

16   17-year-old was present at Starbucks the day of the incident (June 29, 2013), when in

17   fact (according to plaintiff), she was not.

18         Starbucks opposes the motion.  First, Starbucks asserts that the motion was filed

19   in violation of Rule 11(c)(2) – the "safe harbor rule" – because plaintiff did not wait 21

20   days between the time he served Starbucks with the motion and the time he filed the

21   motion with the court.  Second, Starbucks argues that even apart from the procedural

22   violation, the motion lacks merit, because plaintiff does not claim that Mr. Caleo engaged

23   in any sanctionable behavior, but only that he used elipses when quoting a portion of a

24   police report that plaintiff had attached as an exhibit to the complaint and subsequently to

25   the FAC.  Starbucks notes that a non-redacted version of the police report was attached

26   as an exhibit, and that the court was certainly able to consider Starbucks' motion in light

27   of the full version of the complaint and the FAC, including the attached exhibits.

28         The court finds that the motion must be DENIED.  First, plaintiff has failed to

14

1  comply with the "safe harbor rule," because he failed to wait 21 days between serving the

2  motion on Starbucks and serving it on the court.  See Fed. R. Civ. P. 11(c)(2).  Second,

3  the motion is entirely lacking in merit.  Starbucks has quoted a portion of a police report

4  that is attached in full to the complaint and the FAC.  The court is fully capable of reading

5  the entire exhibit, and has in fact done so.

6                                    **CONCLUSION**

7         In accordance with the foregoing, the motion to dismiss is GRANTED.  Because

8  plaintiff failed to comply with the directive in the September 8, 2015 order to plead facts

9  sufficient to state a claim for defamation per se, the dismissal is WITH PREJUDICE.  The

10  motion for sanctions is DENIED.

11

12  **IT IS SO ORDERED.**

13  Dated:  December 9, 2015

14  _____

15  PHYLLIS J. HAMILTON
    United States District Judge

16